OPINION of the Court, by
Gh. J. Boyce.
— Somd of the facts of this case are not as well established as it js apparent they might have been if the cause had been prepared with more skill and attention ; but as the facts appéar to the court the case is substantially and briefly this; _ .
_ the 7th of September 1802, Lewis Craig executed his bond to the appellant Hughes, for the conveyance of 2,U the land he should obtain by Mosby’s 20,000 acre eatr}7* out of Isaac Prichard’s survey, lying within certain boundaries specified in the bond. On the 6th of October following, Craig, with Robert Saunders, the testator of the appellees, his security, gave his bond to Hughes for the payment of ¾ 1000, with interest, within three years from the date. By an endorsement upon bond, of the same date, which endorsement was by Hughes, he agreed if Craig should recover the land of Prichard, that'he should have credit for it upon the money bond. Craig,afterwards obtained the land of Prichard, except about 42 acres, which he gave up on a compromise with Prichard ; but Craig refused to' convey #to Hughes the land he had obtained, unless Hughes would in the first place allow a credit' for §300 for which he had given his bond with Charles Saunders his security, and for the, pay meat of which he was then pressed by a suit. Hughes agreed to do so, and on the 7th of August 1809, received a deed for 346 acres, which he acknowledged to be in satisfaction of the 300 dollar bond, and for which he also gave a credit upon the 1000 dollar bond, for the principal and interest, except 200 dollars. For that sum he brought suit and recovered judgment against the appellees, as executors of Robert Saunders. To stay proceedings upon which, they filed their bill in chancery with an injunction, and on a final hearing the court below by their decree made the injunction perpetual with costs ; from which decree this appeal is prosecuted. , '* -
*361 ..•■■■ The general error is'assigned, afid the single question is, whether the appellees have a right to claim accredit upon the bond to which their .testator was a security, for the whole amount of the land conveyed by Craig to Hughes, or at least so much of it as would satisfy the bond? , *
The agreement of Hughes that if he got the land it should be credited upon the bond, being entered into at the same time the bond was executed, and endorsed, upon it, must in a court of equity be taken as a compos tient part of the obligation. Thus.considered, it is cleát that the testator of the appellees was not only interested in that stipulation,, but was in contemplation of equity á party to it ; and consequently it could dot be revoked ór altered without their consent, or that of their testator. The subsequent agreement, therefore, between Hughes and Craig, by which a part of the land was diverted from the purpose which had been before-agreed upon, and applied to a different object, was wholly unwarranted by any principle of justice, and could not be obligatory upon the appellees or their testator.
, The circumstance that Hughes did not receive a conveyance for the whole of. the laud described in the bond upon Craig, and that he was a loser by the arrangement inade with Craig, cannot alter the case. Hughes obtained land enoügh to satisfy the bond to which the testator of the appellees was security. If he had obtained the whole, and it had not been more than sufficient to satisfy the bond, he would have been bouncf*to have applied it ⅜) that purpose ; and if the whole would have been bound so far as it was necessary to fulfil the contract of the parties, a part only must be bound to the same extent; for the whole necessarily includes every part.
The appellees, therefore, had a right to, claim an entire discharge of their testatoris.bond, and 'the decree of the court below is correct and must be affirmed with costs.