## NICHOLS, ADMINISTRATOR, *vs.* DOUGLASS AND McCULLOCH.

1. An agreement between the creditor and the principal debtor, for delay, or otherwise changing the nature of the contract, to the prejudice of the surety, in order to discharge the latter, must be an agreement having a sufficient consideration, and binding in law upon the parties: therefore, where the creditor merely, and without any consideration, extended the time for the payment of the debt, and made a statement on the back of the bond, of such extension, the surety was not thereby discharged.

2. An endorsement on a bond, made subsequently to its execution, is no part of the bond: otherwise, where the endorsement is made at the time of its execution and delivery.

8    49
52a 354
8    49
58a 320
8    49
73a 417

*Nichols, Administrator, vs. Douglass and McCulloch.*

ERROR to Callaway Circuit Court.

REED *and* TODD, *for Plaintiff in Error.*

I. The plea by McCulloch is not sustainable; because—

1. A court at law cannot entertain jurisdiction of a plea by a security alleging matter in discharge of the bond.

2. The plea sets forth no contract made by the obligee and principal to extend the time for the payment of the debt.

3. There is no consideration plead, as constituting the basis of a contract, and it was a *nudum pactum.*

4. There is no allegation that the extension was for a fixed and definite time.

II. The endorsement on the note was no part of the original note; because—

1. It was not made so by oyer.

2. It was not made by the parties at the time of the execution of the bond.

3. It was the act of the plaintiff by writing, and should have been plead in bar, and the writing proved.

4. If it was a temporary contract of suspension, it was *functus officio;* when suit was brought, the debt was due and recoverable upon the bond.

5. If the endorsement is a contract, it is collateral, and will not avoid the note. —Comyn, "Contracts," 36; 4 Mass. Rep., 414.

SHELEY *and* HAYDEN, *for Defendants in Error.*

The court committed no error in overruling said demurrer; because said plea was a good one, and a bar to said plaintiff's recovery against said defendant McCulloch.—See 3 Bibb., Hughes *vs.* Sanders, 360.

Secondly: If said plea is not held good by the Court, the plaintiff cannot recover in this action, because it is a petition in debt, with an averment of letters of administration; this averment being necessary, this form of·action cannot be brought. (See Curle *vs.* McNutt, 6 Mo. Dec., 495.) The first defect being in plaintiff's declaration, his demurrer must cut back.

The defendants also insist, that the court committed no error in refusing said note to be read in evidence, because there is a material variance; the one set out in the petition has no assignment on the back of it.

SCOTT, *Judge, delivered the opinion of the Court.*

The plaintiff sued the defendants by petition in debt, who filed the pleas of *non est factum* and accord and satisfaction. Issue was taken on these pleas.

The defendant McCulloch pleaded, separately, that the intestate, Smith, in his life-time, extended the time for the payment of the money upon the said supposed writing, and fixed upon a further time, at which the money was to become due, than that mentioned in said supposed writing; and that the said William H.

McCulloch was security upon the said supposed writing for one John Douglass, the other said defendant in this behalf; and that the extension of time so given, as aforesaid, was without the knowledge or consent of the said William H. McCulloch, as security. To this plea there was a demurrer, which was overruled, and a judgment entered for McCulloch. On the trial, the plaintiff offered in evidence, in support of his action, the bond sued on, due four months after date, for the sum of two hundred dollars, and dated 27th May, 1839. On this bond was the following endorsement:—" Next Christmas day this note is due.—January 4th, 1840. —(Signed) Douglass Smith."—To the reading of the bond in evidence the defendant objected, and offered to read the above endorsement in support of his objection, but the court overruled the objection, permitted the endorsement to be read, and then excluded the bond as evidence. The plaintiff excepted, submitted to a non-suit, and moved to set it aside, which motion being overruled, he sued out his writ of error.

The first question arising in the cause is, whether the plea of the security, McCulloch, contained matter sufficient for his discharge from the debt? There is no doubt of the general principle, that if the creditor, without the consent of the surety, will extend the time of payment of the debt by a valid agreement, such an agreement will discharge the security. The security has a right to come into a court of equity, and to sue in the name of the creditor.

Now, if the creditor has given time to his debtor, the surety cannot sue. What is the giving of time? It is not a mere promise of indulgence; it is the act of the creditor, depriving himself of the power of suing, by something obligatory, which prevents the surety from coming into a court of equity for relief, because the principal having tied his own hands, the surety cannot release them. An agreement, to be binding, must have a sufficient consideration. No consideration is alleged in the plea for the promise to give time: such a promise was not obligatory on the person making it, and it did not prevent the creditor from suing instantly.

An agreement between the creditor and the principal debtor, for delay, or otherwise changing the nature of the contract, to the prejudice of the surety, in order to discharge the latter, must be an agreement having a sufficient consideration, and binding in law upon the parties. (Lemore *vs.* Powell, 12 Wheaton, 554.) The court therefore erred in overruling the demurrer. The court permitted an endorsement upon the bond to be read as part of it, and then rejected the bond as evidence, because of the variance.

The authorities are all united, that an endorsement on a bond, made subsequently to its execution, is no part of it.—Tomlins' Law Dictionary, title, " Deed," Sherman *vs.* Beale; Washington R. Williams *vs.* Handley, 3 Bibb., 11.

An endorsement made at the time of the execution and delivery of a deed, is a part of it.—*Ibid.*

The endorsement on the bond, in the case before the Court, was made subsequently to its execution, as appears by its date; it was, therefore, no part of the deed, and should have been rejected as evidence.

Let the judgment of the Circuit Court be reversed, and the cause be remanded.