Tiie CiiieF Justice
delivered me opinion of the court.
Keyser sued Bellas in assumpsit, and alleged in the first count of his declaration that defendant executed the following instrument and delivered the same to L. A. Larsen, Master of the ship Kalliope, viz: "one hundred and eighty-three dollars and twenty cents. I hold for account ship Kalliope the sum of one hundred and eighty-three dollars and twenty cents for towage to sea of said ship.
PENSACOLA, May 3, 1877. Hugh Bellas."
And, Whereas, on the — day of May, A. D. 1877, the *33 said ship was towed to sea under contract with .said Master by plaintiff’s steam tug, in consideration of which service the said Master endorsed the said instrument of writing as follows: “Pay the within amount to bearer.” signed, “L. A. Larsen, Master of Kalliope,” and delivered the same to the plaintiff; and, whereas, plaintiff has demanded payment of the same from defendant, but defendant has refused to pay the same and it has been protested, to ’plaintiff’s damage, &c.
There were two other counts in the declaration but they were abandoned.
The defendant demurred to the first Gount that it presented no cause of action in favor of -plaintiff. This demurrer was overruled with leave to defendant to plead over.
Defendant then filed a plea upon which plaintiff joined issue, and afterwards defendant filed two additional -pleas, to which plaintiff demurred, and the court sustained the demurrer as to both, and gave leave to defendant to amend the first of -the additional pleas. Defendant amended the first, leaving the judgment upon the demurrer to stand as to the second. The second additional plea is as follows: 'Por a plea to said.count the defendant saith that he and one Sullivan-contracted with the Master of said ship for-the consideration of one hundred and eighty-three 80-100 dollars to provide towage to sea of said ship; that the said Master left with the defendant, who was also- the consignee of said ship, the said sum for the payment of said -towage, and, as an evidence thereof, the defendant executed the said writing and delivered it to said Master, to be held by him until said towage should have been performed; that the defend- and and said Sullivan were at -all times ready and willing to perform said service, but that said Master violated said contract by procuring other towage to sea for said ship without the consent of said Sullivan or the defendant, and and delivered said writing as alleged, as a consideration for the last aforesaid towage, and this, &c.
The ground of demurrer to this plea was that it was insufficient, because it alleges no connection of plaintiff with said contract, nor any notice thereof to him.
The parties proceeded to trial upon the issues joined and verdict was rendered for plaintiff, and judgment entered thereon. A motion for a new trial being overruled, defendant sued out this writ of error, and now assigns for error.
1. That the court erred in sustaining the demurrer to defendant’s second additional plea.
2. That' the court erred in giving judgment on said demurrer to the plaintiff, because of substantial defects in the declaration.
It is not contended that the paper set out as the cause of action is a valid, negotiable instrument, according to the law merchant. It is, however, insisted by defendant in error that by the statute of this State this paper is given the qualities and incidents of merchantable paper in the hands of a bona fide indorsee, for value, without notice.
The act to amend an act regulating judicial proceedings, approved November S3, 18S8, (Secs. 33, 34, Thomp. Dig., 348,) provides “that the assignment or endorsement of any bond, note, covenant, deed, bill of exchange, or other writing, whereby money is promised or secured to be paid, shall vest the assignee or indorsee thereof with the same rights, powers and capacities as might.have been possessed by the assignor or endorser, and the assignee or indorsee may bring suit in hi§ own name.”
This statute makes the several instruments described in it negotiable by assignment or indorsement, and gives a right of action to the assignee, who is clothed “with the same rights, powers and capacities as might have been possessed by the assignor,” and no other. In other words, the assignee or indorsee stands upon the same footing «is -the assignor would have stood if the assignment had not been made. ■
“it is. not supposed that the object of this provision was to place these several clásses of instruments upon a footing, in all respects, with commercial papers, yet the effect is to make them negotiable by assignment or indorsement.” Cotten vs. Williams, 1 Fla., 37-53.
The court in the case cited does not say that the assig-nee or indorsee takes such paper absolved from all equities or defences, as in the case of paper negotiable in its terms, but only that it is negotiable or assignable by force of the statute, and'that the indorsee or assignee may sue in his. own name. We think this 'is the extent of the effect of the statute, and that notwithstanding the 'assignee may sue in his own name as the owner, by virtue of the statute, yet the language of the law places him, in .respect to all “rights, powers and capacities,” in the same relation to the maker of the paper as the original party would have stood if the assignment had not been made. Notice to the assignee of any equities or defences was, therefore, not necessary in order to enable the maker to avail himself of them-in a suit by the assignee. 1 Dallas, 27; 2 Johns. Ch., 443.
The plea sets up the fact that this paper was a memorandum made in connection with a special agreement with the master for the towage of his ship; that the sum mentioned in it was the sum agreed upon in the contract of towage, to be in payment for the towage to be performed by the maker and another; that the money was left in the maker’s hands as such payment, and the maker and his co-contractor were ready and willing to perform.
We do not see that this differs from any other cáse where a special contract is entered into for the performance of a service, and payment for the service is made in advance. The money cannot be recovered by the promisee unless the promisor neglects or it has become impossible for him to perform.
The contract alleged in the plea is in every respect consonant with that implied from the terms of the paper itself. The make? acknowledges that he holds so much money “for towage of the ship to sea.” His plea is that he holds the money as payment upon a contract to tow the ship to sea, and he is ready to perform. The plea sets up a legal defence to the action upon the instrument, and this plea is available as against any holder of it who seeks to recover the money, treating the paper as a “writing whereby money is promised or secured to be paid.”
But the question arises, under the assignment of errors, whether this instrument is one of the class mentioned in the statute, a “writing whereby money is promised or secured to be paid.”
Plaintiff in error insists that the declaration does not set out a cause of action; that the writing sued upon is not such a writing as may be assigned so as to enable the as-signee to maintain a suit in his own name, or upon which a right of action can accrue to the plaintiff in this suit.
The demurrer to the plea reaches bank to substantial defects in the declaration, notwithstanding a demurrer to the declaration may have been overruled and abandoned by pleading over. (Johnson vs. Pens. & Per. R. R. Co, 16 Fla., 623.)
The writing expresses that Bellas holds so much money for account of the ship, for towage of said ship to sea.
It is consistent with this, writing that the towage of the ship had been performed by Bellas, and that he had so much money to apply on account of charges- for such tow-age.
It is consistent also with the proposition that Bellas had engaged to perform the service, or to procure its performance, and that he held this money upon an agreement to *34 apply it in payment for the towage when performed. It is also consistent with the proposition that Bellas held this money upon some agreement that it should be paid over to whomsoever might be employed by either party to perform the towage of the ship to sea.
It is consistent with either of these hypothesis, and nothing in the writing favors either one more than another of them. It is evident then that the writing is a mere memorandum, a part of some agreement, or to be taken together with some agreement between the parties to the instru-mnt, as to the proper application of the money for the service performed, or to be performed. •
While this paper is thus consistent with and may be a part of either of the three several agreements stated, or some other, and thus not entire or independent in itself, (and this is apparent upon the face of the writing,) an action cannot be grounded upon it without averring the existence of some extrinsic fact which may render it intelligible and capable of enforcement as a contract or promise to pay money.
No such fact, or any fact, is alleged in the declaration to give a meaning to the memorandum, except that it was delivered to the master of the ship. Though the plaintiff in the suit towed the ship to sea, and the master directed by an endorsement that the amount of money mentioned in the paper be paid to the bearer and delivered it to the plaintiffs, as alleged in the declaration, these facts afford no stronger clue to the intention of the contracting parties than does the refusal of Bellas to pay over the money on the grounds alleged by him for his refusal.
As we understand this paper, standing by itself, and without other averments, it is not in its terms a “writing whereby money is promised or secured to be paid.” The understanding or agreement of the parties to it may show it to be such a writing, not varying hut explaining its terms, and this rule is equally applicable to the defendant’s plea.
If the plaintiff had averred in his declaration that this paper was made and intended to be a certificate of the deposit of so much money, to be held until the ship should be towed to sea, and then paid upon the order of the owners or the captain of the ship to the party who should perform the service of towage, to whom the paper should he assigned or indorsed, he would then have shown it to be a “writing whereby money is promised or secured to be paid,” and, in the absence of any equities existing as between the signer and the owners, he might then recover the money in his own name. Proof of these facts duly alleged would give a character to the instrument, not inconsistent with its terms, and entitle the assignee to recover, if not overborne by any superior, legal or equitable rights of the depositary. Such proof would show the paper to be one of those included in the statute of 1828.
The judgment is reversed with costs, and the cause remanded, with directions to set aside the verdict and enter judgment for the defendant upon the demurrer and to dismiss the action, unless the plaintiff shall, upon such terms as 'the court may impose,, elect to amend his. declaration so as to show a right of action.