# DECISIONS

OF THE

# SUPREME COURT OF FLORIDA.

## JUNE TERM, A. D. 1884.

*ECKMAN & VETSBURG, APPELLANTS, VS. S. BRASH & SON, APPELLEES.

20 763
f59 394

1. In a suit by appellants against respondents to recover upon their alleged special promise to pay a debt due appellants from H. B., the following paper was offered in evidence by plaintiffs : "Received of Mr. D. for E. & V. forty-nine 65-100 dollars as commission for guarantee of H. B's. account, which has been settled by him in full with note. [Signed] S. B. & Son." *Held*, That this is not a guaranty or a promise to pay the account of H. B., nor to pay notes given by H. B.

2. Such receipt is evidence of the payment and satisfaction of commissions upon a prior contract of guaranty of the payment of an account which has been settled by note, which contract of guaranty is not contained in the receipt, but is evidently independent of it.

3. Nor is this receipt evidence of money paid by plaintiffs for and at the request of defendants, nor of money due on account stated, under the common counts.

4. Every agreement which is required to be in writing, under the statute of frauds, must be certain in itself, or capable of being made so by a reference to something else whereby the terms can be ascertained with reasonable certainty, without reference to parol proof. The entire agreement must be in writing and signed by the party to be charged.

*NOTE.—As all of the cases submitted at the above term have not been decided at the commencement of this publication, I publish the opinions in the order in which they are filed.—REPORTER.

49

Appeal from Circuit Court for Jackson county.

This was an action against S. Brash and Henry Brash to recover upon their alleged written promise to pay a debt due Eckman & Vetsburg from another, H. Brash. The declaration alleges that H. Brash, of Apalachicola, on or about the first day of September, 1881, was indebted to plaintiffs for goods sold, and that on the sixth day of March, 1882, gave them two promissory notes representing the amount of such indebtedness, one of said notes for $493.72, payable June 1, 1882, at either bank in Savannah, and the other note for $499.35, payable August 1, 1882, at either bank in Savannah. That afterward, on the 11th day of March, 1882, at Marianna, the defendants, S. Brash & Son, in writing, for a valid consideration, guaranteed the payment of the amount due plaintiffs from said H. Brash for said goods, as expressed in said two promissory notes and according to the terms thereof, whereby the defendants promised in writing to pay the said sums upon default of said Henry Brash. That Henry Brash made default and neglected to pay the amount of the notes and failed to pay for said goods; and the defendants having had due notice thereof have refused to pay the sums of money aforesaid.

This is the case stated in the first three counts. There are additional counts for goods sold by plaintiffs to defendants; for money paid by plaintiffs for defendants at their request, and for money due upon account stated.

Annexed to the declaration is a "copy of cause of action," consisting of copies of the two notes of H. Brash to plaintiffs, and another paper of which the following is a copy: "Marianna, Fla., March 11, 1882. Received of Mr. Deitsch for Eckman & V. forty-nine 65-100 dollars as commission for guarantee of H. Brash's (Apala.) account, which has been settled by him in full with note.

"$49.65.                                          S. BRASH & SON."

The defendants pleaded, denying that they had guaranteed or promised to pay the indebtedness of H. Brash as alleged, and also pleaded special matters of defence. To these pleas plaintiff filed general and special replications.

At the trial plaintiffs offered the notes and the receipt, claiming the same to be a written guaranty or promise by defendants to pay the debt of H. Brash, which papers were receive l subject to defendants' objections. Plaintiffs also offered certain letters of defendants and the deposition of Vetsburg, one of the plaintiffs.

These letters accuse Deitsch of having procured the so-called "guaranty" by cunning and trickery; express fears that it might be regarded as creating a liability to pay H. Brash's debt; denying that such result was intended by defendants; insisting that it was not a guaranty or promise creating any legal liability; that the $49.65 was paid on account of the verbal guarantee and accepted with the distinct understanding that the account verbally guaranteed had been closed by bank acceptances; that no written guaranty was requested; that the $49.65 was not asked for but was voluntarily tendered, and offering to return the money.

The deposition of Vetsburg showed that Deitsch was the agent of plaintiffs, and that his acts in the matter were authorized and approved by them. He also testified to a conversation in regard to a compromise between him and one of the defendants, which resulted in nothing.

Plaintiffs also offered to show by the testimony of Maurice Deitsch the facts and circumstances attending the making of the contract and agreement sued upon. This was objected to by defendants on the ground that the contract could not be proved by parol evidence. The court sustained the objection, and ruled further that the testimony and written evidence offered on the part of plaintiffs did

not prove a written promise to pay the plaintiffs, and excluded the testimony. The Judge then charged the jury that there being no evidence to sustain the claim of the plaintiffs the defendants were entitled to a verdict. Whereupon the jury found for the defendants, and after a motion for a new trial was denied, judgment was duly entered for defendants. Plaintiffs appealed.

The several rulings of the court in excluding the testimony offered are assigned as error.

*S. Pasco* for Appellants.

The first question that arises is whether the contract upon which this suit is founded is within the statute of frauds. If we accept the reasoning of a large class of respectable authorities it clearly is not. There was a new and additional consideration between plaintiffs and defendants, and an independent contract resting upon it entirely outside of the contract of Henry Brash. It was that they for a money consideration would make his notes good. The continuance of the original contract and the liability of the promisor thereunder does not affect the obligation and liability of these new contractors, although of course the settlement of either contract would discharge plaintiffs' right of action against the other contractor. 3 Kent's Com., 123; Leonard vs. Vredenburg, 8 John, 28; Forth vs. Stanton, 1 Saunders, 211, note 2; Smith's Mercantile Law, 567; 1 Smith's L. C. Notes to Birkmyr vs. Darnell, 219; 2 Parsons on Notes and Bills, 132; *contra* Brandt on Suretyship, §§55, 57.

But if the court holds that this contract is within the statute of frauds, then the main point is as to the sufficiency of the memorandum, either alone or taken with the other writings and evidence offered in support of it, and we propose first to inquire what the memorandum must contain to satisfy the statute of frauds.

The memorandum must show who are parties to the contract. Thomp. Dig., 217, chaps. 3, 1; Brown on Frauds, §372.

This is signed by defendants. It guarantees the account of S. Brash, of Apa., settled by note. The contract is made through their agent, Maurice Deitsch, with Eckman & V. The only question upon the point that can arise is, whether Eckman & V., means Eckman & Vetsburg. This requirement is complied with if it appears with a reasonable certainty who the other contracting party is. Brown on Frauds, §373. •

In a case decided in the United States Supreme Court the signature to the memorandum was by initials and it was regarded as sufficient. Salmon Falls Manufacturing Co. vs. Goddard, 14 Howard, 446.

There can be no doubt in this case as to who are meant by Eckman & V. The agent was named and he was in court ready to testify. Mr. Vetsburg's depositions were taken by commissioners and were offered and rejected, and they show conclusively that defendants knew to whom Eckman & V., referred. The letters offered in evidence and rejected, prove it beyond doubt. Walsh vs. Barton, 24 Ohio St., 28.

There must be a consideration, though in this State the memorandum need not show it. This clearly appears in the present case. Brown on Frauds, §376.

The memorandum must contain the express stipulations of the contract.

Is it not clear here what the defendants agreed to do. The meaning of guaranty is well settled in law, and defendants received plaintiff's money for the guaranty of their kinsman's account after it had been settled by note. Read their letters and it will be seen that they understood what their obligation was and their effort was to withdraw

from the bargain when they began to feel it was onerous. If there is any doubt upon this point it can be readily solved. It refers to the account of H. Brash, of Apa., settled by him in full with note. Plaintiffs were ready to prove that Apa. meant Apalachicola, and to identify the note and account of H. Brash. Baylies on Sureties, §19.

It is not necessary that the entire contract should be in one paper. Story on Sales, §272; Ide vs. Stanton, 15th Vt., 690; Fry on Specific Perf., §§209, 361; Benjamin on Sales, §252 and note; Story on Prom. Notes, §§464 and 465; Thayer vs. Luce, 22 Ohio State, 74.

We claim that we were entitled to introduce parol testimony to identify these papers referred to in the memorandum and if they are connected the extent of defendants liability is not a matter of doubt. It has been held that the designation of a debt for which a third person makes himself responsible as the debt then owing, or the debt to become owing, is sufficient. Brandt on Suretyship, §72; Brown on Frauds, §385; Lee vs. Mahoney, 9 Iowa, 344.

But if the contract is within the Statute of Frauds and the court decides that it is not sufficiently set forth in the memorandum, we are still entitled to recover our consideration under the common counts in the declaration.

1st. The defendants have received our money and admit it by their pleas. They allege a tender back, but issue is made with them on this point and the memorandum should have been admitted as evidence on these counts if for no further purpose.

2d. The testimony of Vetsburg and Deitsch would have shown the surrounding circumstances, explained the parts of the memorandum subject to oral explanation, proved the payment of money under the common counts, and established the facts as to the alleged tender, and it is urged that they should have been allowed to testify.

3d. The letters of S. Brash & Son, and of Henry Brash, the parties in interest, throw light upon the obscure portions of the memorandum and should have been admitted to make it clear if it could not be understood without them.

4th. If the former points are established a new trial should have been granted so that all the legal evidence might have been submitted to the jury.

5th. The case as presented does not deal with the various defences set up, and as the burden of proving these rests with defendants, they cannot now be considered, and we are prepared to meet them should we hereafter have the opportunity. Omitting these matters the case before the court as presented in behalf of plaintiffs is meritorious. A fair bargain has been made, defendants have received and retain our money and refuse to do as they promised, protecting themselves by a harsh interpretation of a statute that was intended to check perjury and not to encourage defaults. Baylies on Sureties, 109 and 110; Brandt on Sureties, §§66 and 77.

*Liddon & Carter* for Appellees.

THE CHIEF-JUSTICE delivered the opinion of the court.

The statute reads, that no action shall be brought whereby to charge the defendant upon any special promise to answer for the debt, default or miscarriage of another person, unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof, shall be in writing and signed by the party to be charged therewith, or by some other person by him thereunto lawfully authorized.

The paper signed by the defendants offered here to sustain the plaintiffs' declaration does not contain a promise to pay the debt of H. Brash, due to plaintiffs. It is admitted:

by the pleadings of both parties that Mr. Deitsch is the agent of Eckman & Vetsburg, and that "Eckman and V.," in the paper offered, means Eckman & Vetsburg, the plaintiffs. It is also admitted that "Apala" in the writing means Apalachicola; and it is further admitted that the sum of forty-nine dollars and sixty-five cents was paid by Mr. Deitsch in behalf of Eckman & Vetsburg to Henry Brash, of the firm of S. Brash & Son, as stated in the paper signed S. Brash & Son, at the date thereof. The memorandum then is as follows:

"Received of Eckman & Vetsburg, forty-nine and sixty-five one-hundredth dollars, as commission for guarantee of H. Brash's Apalachicola account, which account has been settled by him in full with note.

"(Signed)　　　　　　　　　S. BRASH & SON."

The plain English of this is that there had been a guaranty by defendants of some sort, to the plaintiffs, of an account of H. Brash. Whether it was a guaranty of payment, or that it was collectable, or that H. Brash would settle it by note or otherwise, or what was its amount, is not stated. The guaranty itself is not exhibited.

And now, on the 11th of March, 1882, H. Brash, having settled his account with Eckman & Vetsburg by giving them his note in full, the latter pay to S. Brash & Son a commission for the guaranty and get from them this receipt showing such payment. This seems to be a closing up and settlement between these parties of the entire transaction.

This paper certainly does not contain an engagement to pay plaintiffs any sum of money due from H. Brash by note.

The "account" which had been guaranteed has been settled in full by him "by note."

The two notes set out as a bill of particulars are not mentioned in the receipt and it cannot be presumed that

*they* constitute *the note* mentioned therein, because the receipt does not speak of two notes. Parol testimony would be necessary to show that these two notes were intended to be referred to, and parol testimony is inadmissible to show the terms of the agreement. Most clearly then there was no agreement in writing signed by these defendants to pay H. Brash's notes.

It was attempted to show by the letters of one or both of the defendants, that this paper was intended to be, and was, a guarantee or promise. The judge at the trial ruled that the letters and the receipt taken together did not take the case out of the statute. We cannot discover that the court erred in this conclusion. The letters do not contain a promise but expressly deny any liability, and deny that any liability was intended to be created by the writing, and insist that the paper was unfairly obtained from them. It is true they became frightened soon after the paper was signed, lest it might be considered a valid promise binding them to pay, but they uniformly claim in the letters that they never intended to make a promise to pay. No liability therefore grows out of the letters, as a promise to pay, by themselves, or in connection with the receipt. Indeed, some of the letters state that the money mentioned as commissions was voluntarily urged upon them by Mr. Deitsch, he claiming that plaintiffs owed it to them upon a prior guaranty of the account. This view accords with a legitimate construction of the receipt.

It is claimed that the court committed an error in refusing to permit plaintiffs to prove by the witness, Deitsch, the circumstances under which the receipt was given, and the money paid. No offer was made to prove any fact not admitted in the pleadings. It is difficult to imagine any material circumstances other than those gathered from the pleadings of the parties, which can be shown without al-

tering or adding to the terms of the paper itself. In the light of the concurrence of facts stated in the pleadings by the parties the paper is intelligible. Any parol testimony which would convert it into a promise to pay the debt of another person would change the contract and convert it into something which it is not.

" If the agreement is certain and explained in writing, signed by the parties, that binds them ; if not, and evidence is necessary to prove what the terms were, to admit it would effectually break in upon the statute, and introduce all the mischiefs, inconvenience and uncertainty the statute was designed to prevent." Brodie vs. St. Paul, 1 Ves., Jr., 326.

Every agreement which is required to be in writing by the statute of frauds must be certain in itself, or capable of being made so by a reference to something else whereof the terms can be ascertained with reasonable certainty without recourse to parol proof, or it will not be carried into effect. Braden vs. Bradlea, 12 Ves., 466 ; Abeel vs. Radcliff, 13 Johns., 297 ; Ide & Smith vs. Stanton, 15 Vt., 685 ; Bailey vs. Ogden, 3 Johns., 399 ; Peltier vs. Collins, 3 Wend., 457.

The doctrine of the courts in the application of the statute of frauds is, that a promise by a defendant to pay the debt of another must be wholly in writing, and if parol evidence is necessary to an understanding of the terms of the entire contract with reasonable certainty ; if its terms must be supplied by parol, it is within the statute and cannot be enforced. While it is permitted to prove the circumstances under which a contract was made, it is not manifest that all material circumstances were not before the court, or that the terms of the agreement were not clearly understood by the concurrent averments of the pleadings.

It is insisted that the receipt offered in evidence shows that the defendants have received plaintiffs' money, which the verdict of the jury enables them to retain, and that the jury ought at least to have found the amount in favor of plaintiffs. It does not appear that any such claim was made before the court and jury. It was first suggested in the motion for a new trial. There is no count in the declaration under which a return of that money could be claimed. It is not a claim for goods sold and delivered; nor for money paid by plaintiffs for and at request of defendants; nor for money due on account stated. The jury were charged by the court that there was no evidence before them in support of the plaintiffs' declaration and no exception was taken to the charge.

In fact the receipt itself implies that the money, $49.65, was paid for commissions upon a guaranty of an account, which account had been settled in full by the note of the debtor.

No error is apparent in the record, and the judgment is affirmed.