A. BOOSKE ET AL., APPELLANTS, vs. GULF ICE COMPANY, APPELLEE.

1. The following conditions of a bond : That whereas, the obligee in the bond "has agreed to deliver ice during the coming season to "

A B, the principal obligor, "for sale at retail price not exceeding 75 cents per hundred pounds, in such quantities as" A B "may receive from" the obligee, "the bills for the same to be paid monthly," and that the bond shall be void if A B shall pay to the obligee "all sums due for ice delivered under the above agreement," but otherwise to remain of full force and effect, is not invalid on account of vagueness.

2. A declaration in an action against the obligors, setting up the bond, and alleging that the obligee furnished ice pursuant to the agreement in the bond, and that A B, the principal obligor, failed to comply with the terms of the obligation and to pay for said ice, and that at the time of the obligee ceasing to furnish ice to A B, by reason of his failure to comply with the said contract, he was indebted to the obligee for ice furnished to him under said agreement in a sum stated, and that the same has not been paid, and properly alleging an assignment of the bond and indebtedness to the plaintiff, is not demurrable.

3. The agreement meant by the expression "above agreement," in the condition, is not one outside of the bond, but that previously set out in such condition.

4. In an action on a bond, the parties to the instrument are controlled by its statement of the contract with reference to which the bond was made, and a plea which sets up a contract different from and contradictory to that stated in the bond, is bad on demurrer.

5. Where G has agreed to deliver ice to B during the coming season for sale at retail price not exceeding 75 cents per hundred pounds, in such quantities as B may receive from G, the bills for the same to be paid monthly, the simple omission of G to perform his entire undertaking, such omission being on account of B's default in complying with his part of the agreement, is no defence to a recovery of the value of ice actually delivered to B by G, against the abligors on the bond under such agreement, the bond being conditioned for the payment of all sums due for ice delivered under the agreement.

6. A person who has contracted with an association assuming to be and believed by the person to be incorporated and acting in a corporate capacity, cannot, after having received the benefit of the contract, set up as a defence to an action brought by the company, or its assignee, that the company was not legally incorporated.

Appeal from the Circuit Court for Escambia county.

The facts of the case are stated in the opinion.

*J. C. Avery* for Appellants.

*Blount & Maxwell* for Appellee.

MR. JUSTICE RANEY delivered the opinion of the court:

This is an appeal trom a judgment recovered by an action instituted August 28th, 1885, by appellee against the appellants, A. Booske, Lewis Baer and Thomas C. Watson, obligors, on the following bond:

"State of Florida, }
"Escambia County. }

"Know all men by these presents, that we, August Booske, Thomas C. Watson and Lewis Baer, are held and firmly bound unto the Gulf Ice Company in the sum of seven hundred dollars, for the payment whereof well and truly to be made we bind ourselves, our heirs, executors and administrators, jointly and severally, firmly by these presents, signed and sealed this —— day of March, A. D. 1883.

"The condition of this obligation is such that whereas the Gulf Ice Company has agreed to deliver ice during the coming season to the above bounden August Booske for sale at retail price, not exceeding 75 cents per hundred pounds, in such quantities as the said August Booske may receive from said Gulf Ice Company, the bills for the same to be paid monthly. Now if the said above bounden August Booske shall well and truly pay to the said Gulf Ice Company all sums due for ice delivered under the above agreement, then this obligation to be void, else to remain in full force and effect."

The declaration alleges the execution of the bond by the obligors therein to W. D. Chipley and others, naming them, *doing business as partners in a joint stock company*, under the name of the Gulf Ice Company, and that the said Gulf Ice Company furnished ice to the said Booske pursuant to the agreement in the said bond mentioned, yet that Booske failed to comply with the terms of the said obligation and to pay for said ice, and that at the time of the said joint stock company ceasing to furnish ice to Booske by reason of his failure to comply with the said contract, to-wit: on the 26th day of October, 1883, Booske was indebted to said Gulf Ice Company for ice furnished to him under said agreement in the sum of $161.73, which sum, or any part thereof, has never been paid ; and that by reason thereof the bond became forfeited. That said indebtedness and said bond were prior to the institution of this suit transferred and assigned for a valuable consideration to the plaintiff, *a corporation* under the laws of Florida. A copy of the bond is annexed as a part of the declaration.

The appellants demurred to the declaration as not setting forth any cause of action against defendants. The order overruling this demurrer is assigned as error under the act of March 5th, 1883, chapter 3430.

Counsel for appellants, after setting out the condition of the bond in his brief, says it is clear that the defendants' obligation was to pay in the event of the failure of Booske to pay for ice to be delivered under the above agreement. He then argues that the obligation of the original Gulf Ice Company, the obligee in and assignor of the bond, was to deliver ice to Booske " in such quantities as the said August Booske may receive it," and that this language is too vague to enable the court to say what was the agreement of the company as to the delivery of ice to Booske ; that the ob-

ligors in the bond are only liable in a suit brought " on
that *instrument* for the indebtedness of Booske for ice de-
livered under the above agreement."

It is patent that the obligation of the bond is to pay all
sums due for ice actually delivered to and not paid for by
Booske. As we understand counsel, he takes as a premise
an assumption of vagueness in the language first quoted
by him from the bond, and from this infers that there
was an agreement, either oral or written, between Booske
and the ice company as to delivery of ice, and that there
has been a failure to set out this agreement intelligibly in
the condition of the bond. We are unable to see any
vagueness in the agreement upon the part of the company,
as set out in the bond, to deliver ice during the coming
season to Booske for sale at retail price, not exceeding 75
cents per hundred pounds, in such quantities as he may re-
ceive from it; nor does counsel point out wherein the
vagueness lies. The meaning as to the quantity to be de-
livered is plain; the company was to deliver so much as
Booske would take or receive for sale at retail price. The
meaning of the expression " the coming season " was
doubtless perfectly understood by the parties and is not
unintelligible to the court, but it is entirely immaterial
here, for the demurrer must be taken as admitting that the
ice, the price of which is sued for, was delivered during
the period meant by such expression.

There is nothing in the bond that suggests the existence
of any agreement between the company and Booske as to
the delivery of ice other than that which is embodied in
its condition, and it is consequently not necessary to discuss
the question whether or not any agreement of different
effect could under different circumstances be set up by
Booske or his sureties in an action on the bond. Miller vs.
Elliott, 1st Ind., 484; S. C., 50 Am. Dec., 485.

In Keyser vs. Bellas, 17 Fla., 100, it was held that a paper in the following words: "I hold for account of ship Kalliope the sum of one hundred and eighty-three dollars and twenty cents for towage to sea of said ship," and signed by the party executing it, was a mere memorandum upon which assumpsit would not lie unless extrinsic facts were averred and proved, not inconsistent with the terms of the writing, but explaining and rendering it intelligible and capable of enforcement as a contract to pay money. The decision in Merritt vs. Wittich, 20 Fla., 27, was, among other points, that the measure of the damages to be recovered in the action for breach of the contract sued on was controlled by the difference of the value of the timber in the market where the contract was made and that where the timber was delivered, (Pensacola, Fla.,) and that evidence of the difference of such value at Liverpool, England, was not admissible. These cases, cited by counsel for appellee, contain nothing that throws any doubt upon the sufficiency of the declaration before us. The bond is entirely different from the memorandum in the former case, and the declaration is not materially, if at all, deficient in the statement of facts material to a cause of action under it. Besides this, there is no doubt of the right of the plaintiff, as the assignee of original obligee in the bond, to sue in its own name under the act of 1881, Ch. 3241, McC.'s Digest, sec. 72, p. 829, if there was any as to such right under the act Nov. 23 of 1828, sec. 86, p. 832, McC.'s Digest. Bellas vs. Keyser, *supra*. It is unnecessary to comment upon Merritt vs. Wittich.

II. After the overruling of the above demurrer the defendant filed twelve pleas, the 1st, 2d, 7th, 8th and 12th of which are as follows:

1st. That by the terms of the agreement mentioned in said bond the obligees thereof promised the said Booske

not to compete with him in retailing ice in the city of Pensacola during the season mentioned in said bond, but that before the alleged assignment of the bond and during the said season the obligees did compete with said Booske in retailing ice in the city of Pensacola.

2d. That by the terms of the agreement mentioned in said bond the obligors thereof promised to let defendant Booske have, during the season mentioned, all the ice he required in his business whenever they had it, but during said season, and before the alleged assignment of the bond, refused to let him have ice when he required it and when they had it.

7th. That said obligee did not during the said season deliver ice to said Booske for sale at retail as he should receive it.

8th. That said obligee did not during said season deliver ice to said Booske as by the terms of the said bond they were required to do, but neglected and refused so to do.

12th. That at the time they signed the said bond the said obligees held themselves out to be, and were believed by these defendants to be, a corporation, and that these defendants and said obligors meant and intended that the said obligees should by the terms of the said bond bind themselves to a corporation and to no other person.

These pleas were demurred to as containing no defence to the action, and the demurrer was sustained.

As to the 1st and 2d pleas it is urged by counsel for appellant that the declaration failing to explain what the agreement mentioned in the declaration is, they are filed to bring such agreement more fully before the court, and show that the contingency upon which the bond was to be forfeited has not arisen. The agreement mentioned in the bond, he says, is a part of it, citing Wait's Actions &

Defenses, 681.   In Volume 1 of Wait's Actions & Defenses, p. 681, (the volume which we conclude from our investigation that counsel intended to refer to,) it is said, citing United States vs. Maurice, 2 Brook, 96, that of the condition of the bond, instead of specifying the particular purposes for which the bond is given, refers to a paper which does specify them, it is equivalent to the enumeration of these purposes in the bond : and, citing Hughes vs. Sanders, 3 Bibb, 360 ; Nichols vs. Douglass, 8 Mo., 49 ; Shermer vs. Beale, 1 Wash, (Va.) 11 ; Gordon vs. Frazier, 2 Id., 130, so an agreement entered into at the same time that a bond is executed, *and endorsed thereon*, must in equity be considered a part thereof.

There is nothing in the case before us to bring it within the doctrine thus announced in Mr. Waite's work.   Upon the face of the bond it is perfectly clear that the agreement referred to in the condition of the bond as the " above agreement " is that set out or recited in it just above the quoted words.

In Miller vs. Elliott, *supra*, it is held that a plea which sets up a contract different from and contradictory to the statements in the bond is bad, and may be taken advantage of on demurrer.   It is a common rule, well established, that in an action on a bond between the parties thereto, they are controlled by the recitals therein with reference to which the contract is made.   Carpenter vs. Butler, 8 M. & W., 208 ; Fletcher vs. Jackson, 23 Vt., 581 ; Bennehan vs. Webb, 6 Iredell, (Law) 57 ; Hoke vs. Hoke, 3 W. Va., 561 ; 1st Wait's A. & D., 680.   This bond is perfect in so far as the undertaking of the parties thereto is concerned. It does not connect itself with any other instrument, nor can parol evidence be resorted to for such purpose.   Bell vs. Bruen, 1 Howard, 169 ; Eckman & Vetsburg vs. Brash & Son, 20 Fla., 763.   The pleas are utterly deficient in

showing any agreement connected with the bond or referred to by it. They attempt to set up something entirely different from what the sureties on the bond undertook under their hands and seals to be responsible for, and instead of doing it by a direct and issuable allegation of the making of such additional agreement by the parties and when it was made, it is done in a manner too vague to entitle it to approval under the rules of pleading if it were permissable at all.

The 7th and 8th pleas are claimed to tender an issue upon the allegation made in the declaration of performance by the assignors of the bond, the original Gulf Ice Company, and it is argued that if they did not deliver ice to Booske as required by the agreement, there is no liability on the bond according to its terms as set forth in the declaration.

It will be observed that the declaration does not allege a delivery of ice during the entire season covered by the agreement set out in the bond, but, on the contrary, it admits having ceased to furnish ice on account of the failure of Booske to comply with his part of the agreement; and the action before us is on the bond to recover the sum due for ice actually furnished under the agreement; and if there is anything due by Booske for ice so delivered, the obligors on the bond are by its terms liable for such sum. The pleas do not deny the delivery of ice to the value sued for nor its acceptance; nor that it was on account of Booske's default in complying with the agreement that the company stopped delivering ice; and in the absence of such denials the pleas deny nothing that is not admitted by the declaration. It is, moreover, not pretended by the pleas that any damage has been sustained by Booske or any one from the company's ceasing to furnish ice. The result is, considering the declaration and pleas, that Booske

has received and accepted ice to the value stated, under the agreement, and has not paid for it, nor have the sureties in the bond. Should he be permitted to keep it without paying for it?

Even if one party, without the fault of the other, fails to perform his side of a contract in such a manner as to enable him to sue upon it, yet if the other party has derived a benefit from the part performed it would be unjust to allow him to retain that without paying anything; and the law will generally imply a promise on his part to pay such remuneration as the benefit conferred upon him is reasonably worth; and to recover that quantum of remueration an action of *indebitatus assumpsit* is maintainable by the party so failing to perform his part of the contract. 2 Parsons Contracts, (7 Ed.,) p. 523.

In the case before us the plaintiff has a right of action upon the bond. Courts construe and enforce contracts according to what they show the intention of the parties to have been, (Ib. 521,) and it is clear that the intention of the parties was that the obligors upon this bond should, in case of the default of Booske, pay any sum due by him to the ice company for ice received and retained by him. Benjamin on Sales, sec. 1032 & note 19, (4th Am. Ed.)

The 12th plea alleges no fraud upon the part of the original ice company, the obligee in the bond, nor any damage to the defendants, the obligors therein, or to any of them. It virtually admits that such company was not a corporation. Booske has received the ice sued for, and neither he nor his sureties should, in the absence of a controlling principle of law to the contrary, be released from paying for it on account merely of an innocent mistake which has neither done, nor can do, either of them any harm.

A person who has contracted with an association assuming to be incorporated and acting in a corporate capacity,

cannot, after having received the benefit of the contract, set up as a defence to an action brought by such company that the latter was not legally incorporated or had no authority to enter into the contract in a corporate capacity. Norawetz on Corporations, Vol. 2, secs. 750, 751, 752. It is settled that a conveyance by a corporation will not be treated as invalid merely because the corporation was not formed under authority of law, and the same rule applies to transfers of personal property and choses in actions by corporations *de facto*. Ibid, secs. 753, 754 and citations. If the defence cannot be made against the illegal corporation, it of course cannot be maintained against its assignee.

The judgment is affirmed.