## LINCOLN BROWN *vs.* HARLAN P. BOYD.

Suffolk.    January 24, 1893. — March 8, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Dissolution of Partnership — Bond — Equity.*

A bill in equity brought by A. against B. alleged that they were partners, that, on the day of the dissolution of the partnership, A. as principal, with C. as surety, executed a bond to B. for the faithful performance by A. of the contracts of the late firm with its customers; that, to procure C. to sign, A. had to deposit with him a certain sum of money; that the conditions of the bond had all been performed; that B. had had notice and been offered proof thereof, which he had refused to examine; that he had refused to give up the bond on request; and that C. had refused to deliver the sum paid to him until the bond had been exhibited to him discharged by B.    The prayer was that B. be ordered to deliver up the bond discharged.    *Held,* that the bill was rightly dismissed, with costs

LATHROP, J.    This is a bill in equity which comes before us on demurrer. The bill alleges that the plaintiff and defendant were partners, and dissolved partnership on July 27, 1891; that on that day the plaintiff as principal, with one Sholes as surety, executed a bond to the defendant in the sum of four thousand dollars, conditioned for the faithful performance by the plaintiff of the contracts entered into by their late firm with all customers of the said firm, and more particularly a contract made with one Freeman; that, to procure Sholes to sign the bond as surety, the plaintiff was obliged to deposit with him the sum of one thousand dollars; that the conditions of the bond have all been performed; that the defendant has had notice thereof and been offered proof thereof, which he refuses to examine; that he has been requested to give up the bond, but refuses to do so: and that Sholes refuses to deliver up the one thousand dollars until the bond has been exhibited to him discharged by the defendant. The prayer of the bill is that the defendant be ordered to deliver up to the plaintiff the bond, cancelled or discharged. The bill is dated October 11, 1892.

That equity has jurisdiction, under some circumstances, to order an instrument valid in its inception to be delivered up after it has ceased to be operative, is unquestionable.    "The

exercise of this power," says Chancellor Kent, in *Hamilton* v. *Cummings*, 1 Johns. Ch. 517, 523, " is to be regulated by sound discretion, as the circumstances of the individual case may dictate ; and . . . the resort to equity, to be sustained, must be expedient, either because the instrument is liable to abuse from its negotiable nature, or because the defence, not arising on its face, may be difficult, or uncertain at law, or from some other special circumstances peculiar to the case, and rendering a resort here highly proper, and clear of all suspicion of any design to promote expense and litigation."

Where the existence of the instrument acts as a cloud upon the title of the person executing it, or subjects him to the danger of some future litigation " when the facts are no longer capable of complete proof, or have become involved in the obscurities of time," is stated by Mr. Justice Story as the ground for affording relief in equity. 2 Story Eq. Jur. § 705. See also *Webb* v. *Noah*, 1 Edw. Ch. 604, 615 ; *Hughes* v. *Sanders*, 3 Bibb, 360 ; *Foley* v. *Kirk*, 6 Stew. 170, 174. Generally, however, where the instrument is a bond, equity will not interfere, but will leave the obligor to his defence at law to an action brought on the bond. *Strong* v. *M'Donald*, 1 Root, 364.

The danger of future litigation when the facts may be no longer capable of proof, which is stated by Mr. Justice Story, *ubi supra*, as a ground of relief in equity, would seem to have little weight in those jurisdictions where, as in this Commonwealth, evidence may be perpetuated. Pub. Sts. c. 169, § 45. In New York, the existence of such a statute has been held a sufficient reason why relief in equity on account of the danger of future litigation should not be granted. *Fowler* v. *Palmer*, 62 N. Y. 533.

In the case at bar we see no reason why the defendant should be compelled to try in a court of equity the question whether the plaintiff has kept and performed the contracts made with the customers of the firm. If the fact be as the plaintiff alleges, the retention of the bond by the defendant can do the plaintiff no harm, unless it arises from the fact that the plaintiff has entered into a contract with a third person. The defendant was not a party to that contract, and it does not even appear that he had knowledge of it, if this would be of consequence, and his rights should not be affected by it.

The decree of the Superior Court dismissing the bill, with costs, must be affirmed.   *So ordered.*

*S. J. Thomas*, for the plaintiff.

*J. H. Hopwood*, for the defendant.