MANN, Judge.
This case was prematurely terminated by summary judgment. Delta submitted to McDevitt & Street, a general contractor, a proposal for work as an electrical subcontractor on an apartment project. McDevitt & Street sent a letter to Delta enclosing a contract form. “If you find the enclosed in order,” they wrote, “please affix your signature and seal on Page 5 thereof and return all four copies to this office. .' . . As soon as the enclosed has been returned to us and processed, we will return an executed copy of the contract to you for your files.”
Whether this constituted an offer, which Delta accepted, or whether the contract was not to be regarded as complete until executed by both parties, is a question of fact not resolved by the depositions and affidavits on file. The trial judge apparently relied on the deposition of Delta’s president, who replied, “Certainly”, to the *227 question: “At all times did you contemplate that both Delta Electrical and Me-Devitt & Street would sign a written con- , ,
A distinction must be drawn between the intention to memorialize in writing an existing and binding agreement and an intention that no agreement come into being until both parties have executed a signed document.[1] The factual issue here is virtually the same as that in Housing Authority of Fort Pierce v. Foster,[2] and should proceed as that case did.
Reversed and remanded.
HOBSON, A. C. J., and McNULTY, J., concur.

. See Hinote v. Brigman, 1902, 44 Fla. 589, 83 So. 303; Ocala Cooperage Co. v. Florida Cooperage Co., 1910, 59 Fla. 390, 52 So. 13.

. Fla.App.4th 1970, 237 So.2d 569.